IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| EVELYN R. BENTON,        )<br>      Plaintiff,        )<br>        )<br>v.        )<br>        )<br>BERKSHIRE RICHMOND LLC,        )<br>      Defendant.        )<br>_____ ) | Civil Action No. 3:23CV704 (RCY) |

**MEMORANDUM OPINION**

Plaintiff Evelyn R. Benton ("Plaintiff") brings this case against Defendant Berkshire Richmond LLC ("Defendant"), alleging that Defendant violated Section 1018 of Title X, 42 U.S.C. § 4852d, known as the Residential Lead-Based Paint Hazard Reduction Act ("RLPHRA"). The case is presently before the Court on Defendant's Motion to Dismiss, ECF No. 3. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss.

**I. FACTUAL ALLEGATIONS**

Defendant "operates a multifamily unit on 300 W Franklin Street in Richmond[,] Virginia." Compl. 4, ECF No. 1. Plaintiff rented an apartment at that address from August 12, 2022, to August 31, 2023. *Id.*

Plaintiff "discovered after moving into the apartment that she had not . . . received[] The Lead Based Disclosure pamphlet after having health issues and discovering that the building had been built before 1978." *Id.* "As a result of [Defendant's] negligence, [Plaintiff] has been exposed

to potential lead-based paint hazards without proper knowledge or precautions, which have resulted in her having adverse health effects." *Id.*

## II. PROCEDURAL HISTORY

Plaintiff initiated this action on October 25, 2023. Compl., ECF No. 1. On November 27, 2023, Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 3, and an accompanying Memorandum in Support, ECF No. 4. Plaintiff filed a Motion for Summary Judgment on December 14, 2023, ECF No. 8, and a "Memorandum in Opposition to the Motion to Dismiss Based on Fraud" on December 18, 2023. ECF No. 9. Defendant filed a Reply two days later. ECF No. 10. Defendant's Memorandum in Support and Reply both included a proper *Roseboro* Notice pursuant to Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. On December 20, 2023, Defendant filed a Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, ECF No. 11, and on January 2, 2024, Plaintiff filed a Reply, ECF No. 13.

## III. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). A Rule 12(b)(6) motion "is not a procedure for resolving . . . contest[s] between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles A. Wright, Arthur R. Miller, & A. Benjamin Spencer, *Federal Practice & Procedure* § 1356 (4th ed. 2024). Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*,

355 U.S. 41, 47 (1957)). While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* (citations omitted). The plaintiff's well-pleaded factual allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). All reasonable inferences that can be drawn from the complaint are drawn in the plaintiff's favor. *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020).

However, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Labels and conclusions," a "formulaic recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Id.* Nonetheless, "on a Rule 12(b)(6) motion, the burden lies with the movant to show entitlement to dismissal." *Ziegler v. Dunn*, 2024 WL 761860, at *2 (E.D. Va. Feb. 23, 2024) (citing Wright, Miller, & Spencer, *supra*, § 1357).

Also, a *pro se* complaint is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure."

*Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). So, a *pro se* complaint "must nevertheless set forth enough facts to state a claim." *Erwin v. FedEx Freight, Inc.*, 2023 WL 5959422, at *2 (E.D. Va. Sept. 13, 2023).

### IV. DISCUSSION

Plaintiff asserts just one claim in the Complaint: that Defendant violated the RLPHRA, specifically, "Section 1018 of Title X." Compl. at 4–5; *see* 42 U.S.C. § 4852d (codification of RLPHRA disclosure requirement). She seeks "damages as specified for 3 times the amount of her actual damages which amount to approximately $155,000" and "injunctive relief, requiring [Defendant] to comply with the lead-based disclosure requirements in the future." *Id.* at 5. The only issue properly before the Court is whether Plaintiff's Complaint sets forth sufficient facts to plausibly allege that Defendant violated the RLPHRA.

**A.   RLPHRA Background & Pleading Standard**

The RLPHRA directs the Secretary of the Department of Housing and Urban Development ("HUD") and the Administrator of the Environmental Protection Agency ("EPA") to promulgate regulations mandating the disclosure of lead-based paint hazards in privately owned housing that is sold or leased. *See* 42 U.S.C. § 4852d. The statute states that HUD and the EPA "shall promulgate regulations . . . for the disclosure of lead-based paint hazards in target housing which is offered for sale or lease." *Id.* § 4852d(a)(1). It specifies:

> The regulations shall require that, before the purchaser or lessee is obligated under any contract to purchase or lease the housing, the seller or lessor shall--
>
> (A)  provide the purchaser or lessee with a lead hazard information pamphlet . . . ;
>
> (B)  disclose to the purchaser or lessee the presence of any known lead-based paint, or any known lead-based paint hazards . . . ; and
>
> (C)  permit the purchaser a 10-day period . . . to conduct a risk assessment or inspection for the presence of lead-based paint hazards.

4

*Id.* This applies only to "target housing," *id.*, which means housing constructed "prior to 1978," 24 C.F.R. § 35.86 (HUD); 40 C.F.R. § 745.103 (EPA); *see* 42 U.S.C. § 4852d(a)(3).

The regulations promulgated by the agencies require that the lessor: (1) provide the lessee with "an EPA-approved lead hazard information pamphlet"; (2) disclose to lessees the presence of, and any information about, "known lead-based paint and/or lead-based paint hazards" in the building; (3) disclose to each agent the same information regarding any "known lead-based paint and/or lead-based paint hazards" that must be disclosed to lessees; and (4) provide to lessees records about "lead-based paint and/or lead-based paint hazards" in the apartment and common areas, and other apartments if they are part of a lead-based paint reduction in the building itself. 24 C.F.R. § 35.88(a) (HUD); 40 C.F.R. § 745.107(a) (EPA). These regulations do not impose a duty on a landlord to inspect or to remediate. 24 C.F.R. § 35.88(a) (HUD); 40 C.F.R. § 745.107 (EPA).

For a private right of action to lie for a violation of the RLPHRA, "the appropriate scienter standard to impose liability under the statute" is knowledge—the defendant must have "knowingly" violated the RLPHRA's requirements. *Smith v. Coldwell Banker Real Est. Servs.*, 122 F. Supp. 2d 267, 273–74 (D. Conn. 2000); *see* 42 U.S.C. § 4852d(b)(3) ("Any person who knowingly violates any provision of this section shall be jointly and severally liable to the purchaser or lessee in an amount equal to 3 times the amount of damages incurred by such individual."). "'Knowingly' is to be construed as meaning that the 'defendant was aware of his or her conduct and th[e] defendant did not perform it merely through ignorance, mistake or accident.'" *G.M.M. v. Kimpson*, 92 F. Supp. 3d 53, 71 (E.D.N.Y. 2015) (quoting *Smith*, 122 F. Supp. 2d at 273); *see also Page v. Corvias Grp., LLC*, 2021 WL 4163562, at *11 (E.D. N.C. Sep. 13, 2021) (denying defendant's motion to dismiss based on plaintiffs' allegation that "defendants

*knew about* [the lead-based paint] before the plaintiffs signed the [Residential Occupancy Agreements]" (emphasis added)). "This knowledge standard" is "a higher burden then mere negligence," and it "was intentionally chosen by Congress." *Kimpson*, 92 F. Supp. 3d at 71 (citing, *inter alia*, *Randall v. Laconia*, 679 F.3d 1, 8 (1st Cir. 2012) (Howard, J., concurring)); *see also Renick v. Sperau*, 2013 WL 1314417, at *7 (E.D. Md. Mar. 29, 2013) (declining to enter summary judgment because even though the defendant "potentially inadvertent[ly] sign[ed]" the "certification of accuracy," a genuine issue of material fact remained as to whether the defendant "had knowledge of the existence of lead paint in the house").

The Fourth Circuit has not specifically addressed the elements of establishing a claim under the RLPHRA and specifically § 4852d. Turning to persuasive authority, then—particularly the opinions of other federal district courts that have considered similar claims—the Court adopts the following standard: to establish a claim under § 4852d, a plaintiff must show that (1) the plaintiff was a lessee; (2) the defendant was a lessor who knowingly failed to make the proper disclosures; (3) the leased property was "target housing"; and (4) the lease contract was signed after the regulations were effective. *See, e.g.*, *Kimpson*, 92 F. Supp. 3d at 71; *Kaye v. Acme Invs., Inc.*, 2008 WL 5188712, at *3 (E.D. Mich. Dec. 8, 2008); *Sipes ex rel. Slaughter v. Russell*, 89 F. Supp. 2d 1199, 1202 (D. Kan. 2000); *see also Page*, 2021 WL 4163562, at *11; *Renick*, 2013 WL 1314417, at *7.

**B. Plaintiff Has Failed to Plead Sufficient Facts to State a Claim Under the RLPHRA**

Defendant argues that Plaintiff's Complaint is substantively insufficient because she fails to allege facts that support the inference that Defendant "knowingly" violated the RLPHRA. *See* Def.'s Mem. Supp. 3–4, ECF No. 4. Even liberally construing Plaintiff's Complaint, the Court agrees. As Defendant notes, Plaintiff alleges only that Defendant acted *negligently*, not *knowingly*.

Compl. 4, ECF No. 1 ("As a result of the defendant's *negligence*, the [P]laintiff has been exposed to potential lead-based paint hazards . . . ." (emphasis added)).  Plaintiff appears to rest her case on the belief that the Defendant's alleged failure to provide the require notices constitutes a *per se* violation of the statute.  *See id.* ("The defendant's failure to provide lead-based disclosures to the [P]laintiff during the tenancy period constitutes a violation.").  And while that may be, Congress has nevertheless established that an individual may only seek redress if the violation was *knowing*.  42 U.S.C. § 4852d(b)(3).  Because the facts alleged, at most, give rise to an inference of a negligent violation of the RLPHRA, Plaintiff has failed to plead a viable claim against Defendant.

Plaintiff attempts to cure this deficiency in her opposition brief and a contemporaneously filed Motion for Summary Judgment, ECF No. 8.  *See* Pl.'s Mot. for Summ. J. 7 ("The [P]laintiff respectfully believes that her Motion for summary judgment should be granted and the [Defendant's] Motion to Dismiss denied based on the following arguments: . . . .").  However, "a plaintiff may not amend her complaint via briefing."  *Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017) (citing *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  And while a court may, after proper notice to the parties, convert a 12(b)(6) motion to a motion for summary judgment in order to consider matters outside the pleadings, *see* Fed. R. Civ. P. 12(d), the Court declines to do so here.

Cabined, therefore, to the matters contained within the pleadings, the Court finds that Plaintiff has failed to state a claim for a knowing violation of the RLPHRA, and therefore the Complaint must be dismissed.  And because the Complaint will be dismissed for this bedrock

deficiency, the Court does not reach the issues in Plaintiff's Motion for Summary Judgment.[1]

## V.  CONCLUSION

For the reasons set forth above, the Court will grant Defendant's Motion to Dismiss.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date:  September 11, 2024
Richmond, Virginia

---

[1] The Court notes that Plaintiff's Motion for Summary Judgment appears—or rather, attempts—to convert Plaintiff's claim to one for breach of contract.  Pl.'s Mot. for Summ. J. 3 ("This case arises out of a breach of contract claim brought by the Plaintiff . . . .  The crux of this dispute revolves around the Defendant's failure to provide the required Lead-Based Paint Disclosure as mandated by federal law . . . .").  Over and above a plaintiff's inability to amend their complaint to add or amend a claim by way of briefing, *see Hurst*, 681 F. App'x at 194, the Court observes that it would likely not have jurisdiction over a breach of contract claim between Plaintiff and Defendant, as the parties do not appear to be of diverse citizenship, *see* Compl. at 4 (suggesting that Defendant is incorporated in Virginia).  Thus, even if the Court were to accept Plaintiff's constructive amendment via the Motion for Summary Judgment, it would then be obligated to dismiss the action for lack of subject matter jurisdiction.