UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| EVELYN R. BENTON,<br>      Plaintiff,<br><br>v.<br><br>BERKSHIRE RICHMOND LLC,<br>      Defendant. | Civil Action No. 3:23CV704 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion for Reconsideration ("Motion," ECF No. 16), seeking reconsideration of the Court's Order dismissing the case for failure to state a claim. For the reasons set forth below, the Court will deny the Motion.

**I.  PROCEDURAL HISTORY**

On September 11, 2024, the Court issued a Memorandum Opinion determining that Plaintiff "failed to state a claim for a *knowing* violation" of the Residential Lead-Based Paint Hazard Reduction Act (RLPHRA). Mem. Op., *Benton v. Berkshire Richmond LLC*, 2024 WL 4149735, at *3–4 (E.D. Va. Sept. 11, 2024), ECF No. 14 (emphasis added). Accordingly, the Court granted Defendant's Motion to Dismiss, mooting Plaintiff's Motion for Summary Judgment in the process. *See* Order, ECF No. 15. The Court did not grant leave to amend, as Plaintiff had not requested that option. *Id.* Plaintiff now seeks reconsideration of the Court's decision. Mot. Recons., ECF No. 16.[1]

**II.  STANDARD OF REVIEW**

A motion for reconsideration "is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting

---

[1] Plaintiff filed a Notice of Appeal almost two weeks after filing her Motion for Reconsideration. Notice Appeal, ECF No. 18. However, the Fourth Circuit directed the Court to address the pending Motion before it will take up Plaintiff's appeal. Letter from Clerk, ECF No. 20.

11 Charles A. Wright, Arthur R. Miller, & A. Benjamin Spencer, *Federal Practice & Procedure* § 2810.1 (2d ed. 1995). Rule 59(e) motions may not be used "to raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (citing *Pac. Ins. Co.*, 148 F.3d at 403). The Fourth Circuit has recognized relief under Federal Rule of Civil Procedure 59(e) in limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co.*, 148 F.3d at 403 (citing *inter alia Equal Emp. Opp. Comm'n v. Lockheed Martin Corp.*, 116 F. 3d 110, 112 (4th Cir. 1997). Such issues "rarely arise," and motions to reconsider are rarely granted. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

Courts generally do not entertain motions to reconsider that ask the Court to "rethink what the Court ha[s] already thought through—rightly or wrongly." *Id.*; *In re Volkswagen AG*, 2024 WL 646344, at *2 (E.D. Va. Feb. 15, 2024) ("[A] Rule 59(e) motion does not permit any party to 'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (citing *Sloan v. Childress*, 2020 WL 2501442, at *3 (E.D. Va. May 14, 2020))). Moreover, "[a] prior decision does not qualify for this third exception by being 'just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, 1995 WL 520978, *5 n.6 (4th Cir. 1995)). More simply put, the Court's prior judgment must be "dead wrong." *Id.* The burden is on the moving party "to show an alteration or amendment to the judgment is necessary to correct a clear error of law or to prevent a manifest injustice." *Healthkeepers, Inc. v. Richmond Ambulance Auth.*, 2011 WL 4899907, at *3 (E.D. Va. Oct. 14, 2011); *Tiber Creek Partners, LLC*

2

*v. Ellume USA LLC*, 2023 WL 5987385, at *3 (E.D. Va. Aug. 1, 2023) ("[D]efining manifest injustice as '[a] direct, obvious, and observable error in trial court.'" (quoting *Manifest Injustice*, *Black's Law Dictionary* (11th ed. 2019))).

### III. ANALYSIS

Plaintiff urges the Court to reconsider its decision because the Court "made a clear error in law and fact by dismissing Plaintiff's breach of contract and fraud claims," which resulted in manifest injustice, and because the Defendant's "conduct and failure to comply with both statutory and contractual obligations should have precluded . . . judgment in favor of the Defendant." Mot. Recons. at 1.

Plaintiff essentially argues that (1) the Court should have considered her breach of contract and fraud claims without "requiring formal amendments to the pleadings;" (2) the Court should have considered documents produced by the Defendant when ruling on Defendant's Motion to Dismiss; and (3) the Court's decision is manifestly unjust because failing to consider Plaintiff's breach of contract claim denied her the opportunity to "hold Defendant accountable for their violations." Mot. Recons. at 1–2.[2] The Court does not find that Plaintiff has demonstrated that

---

[2] Plaintiff raises additional grounds for relief in her Reply, namely that the Court relied on incorrect procedural history, that Defendant's actions were knowing and willful, and that the Complaint was "sufficient" and so no amendment was necessary. Reply, ECF No. 21. Plaintiff also filed an Addendum to Final Reply for Reconsideration & Opposition, without leave of Court, seeking to incorporate "critical evidence" that she purportedly received after filing her Complaint. Addendum, ECF No. 22. Having not been raised in Plaintiff's Motion for Reconsideration, these arguments are procedurally barred. *United States v. Ortiz-Orellana*, 90 F.4th 689, 700 n.5 (4th Cir. 2024) (new argument raised for the first time in a reply brief is improper and will not be considered). Additionally, Local Rule 7(F) prohibits additional filings without leave of court, and the Court need not need to consider the arguments raised in an improperly filed briefing such as the Addendum to the Reply. *See Myers v. Mercedes-Benz USA, LLC*, 2024 WL 3835076, at *6 (E.D. Va. Aug. 15, 2024). Regardless, none of the purported grounds for relief newly asserted in the Reply accommodate an intervening change in controlling law or demonstrate a clear error of law or manifest injustice. *Pac. Ins. Co.*, 148 F.3d at 403. As such, they do not constitute valid grounds for reconsideration of the Court's prior judgment. *See id.* ("Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment [or] . . . to argue a case under a novel legal theory that the party had the ability to address in the first instance."). To the extent Plaintiff attempts to offer new evidence, such evidence was available and known to Plaintiff during the pendency of the Motion to Dismiss, as demonstrated by Plaintiff's attachment of the same to her Motion for Summary Judgment, *see* Pl.'s Mot. Summ. J., ECF No. 8, yet despite this, Plaintiff never sought leave to amend her Complaint to enable the Court to consider the evidence at that stage. Thus, this purportedly new evidence does not create a Rule 59(e) issue for reconsideration, either.

reconsideration is appropriate. However, out of deference to Plaintiff's *pro se* status and her clear efforts to inject additional factual context into the landscape of the case, the Court will grant Plaintiff an opportunity to amend her Complaint and attempt to cure the deficiencies previously noted.

The Court previously acknowledged Plaintiff's attempt to convert her claim to "one for breach of contract" and stated that Plaintiff does not have the ability to "amend [her] complaint to add or amend a claim by way of briefing." Mem. Op. at 8. The Court declined to convert Defendant's 12(b)(6) motion to a motion for summary judgment and therefore did not consider matters outside the pleadings. *Id.* at 8. In doing so, as the Defendant correctly points out, the Court was therefore precluded from considering the documents attached to Defendant's Motion to Dismiss. *Id.* at 7; Def.'s Opp'n at 6. As such, the Court's holding relied solely on the "matters contained within the pleadings." Mem. Op. at 7; *see* Def.'s Opp'n at 6. Plaintiff has not satisfied her burden to demonstrate that the Court's decision rested on clear legal error or otherwise was manifestly unjust—there has been no showing of a "direct, obvious, and observable error." *Tiber Creek Partners, LLC*, 2023 WL 5987385, at *3. Plaintiff has thus failed to demonstrate that reconsideration under Rule 59(e) is appropriate.

Throughout her briefing on Defendant's Motion to Dismiss, her Motion for Summary Judgment, and now her Motion for Reconsideration, Plaintiff has repeatedly attempted to inject additional facts into the record before the Court, while simultaneously arguing that amendment of the Complaint is not required for the Court to consider her new facts and arguments. *See, e.g.*, Pl.'s Mem. Opp'n at 2–4, ECF No. 9; Pl.'s Mot. Summ. J. at 4–11; Mot. Recons. at 1–2. Nothing in Plaintiff's Motion for Reconsideration provides valid cause for the Court to reconsider its prior determination with respect to Plaintiff's failure to state a claim in the Complaint. However, out of

deference to Plaintiff's *pro se* status, the Court will grant her one final opportunity to attempt to state a claim by way of filing an amended complaint.

## IV.  CONCLUSION

As a result of the foregoing, the Court will deny Plaintiff's Motion for Reconsideration, yet grant her leave to amend the Complaint.  An appropriate Order shall issue.

                                                      /s/
                                       Roderick C. Young

Date:  November 5, 2024                United States District Judge
Richmond, Virginia